# George W. Hight *vs.* Jacob White.

## *Error to Desmoines.*

In debt on judgment, where the declaration described the judgment to be for $834,-41 *damages and costs,* and the record produced in evidence showed a judgment for $834,41 *damages besides costs,* held to be a fatal variance.

Although the variance may be such, as would in this particular instance, operate beneficially to the plaintiff in error, this will not cure the defect.

Debt on judgment. Plea nul tiel record, and judgment for the plaintiff below. The facts are sufficiently set forth in the opinion of the court.

RORER & STARR, for plaintiff in error, cited Wolf vs. Roundsford, Ohio Cond. Rep. 841. 1 Chitty's Pl. 304—1 Term Rep. 240—Snell, Stagg & Co. vs. Moses & Sons, 1 Johns Rep. 96 to 105—Cook vs.

Graham, 3 Cranch, 229—1 Cond. 508—Smith vs. Barber, 3 Day, 312. 4 Wash. C. C. Rep. 97—2 Wash. C. C. Rep., 482, and 422—Thompson vs. Jamison, 1 Cranch, 282—7 Cranch 208 and 408—5 Taun. 814—1 Eng. Com. Law Rep. 276 and 423, 6 Taun. 394—The Silver Lake Bank, vs. A. & S. E. Hardin, Ohio Rep. 430—Adair's adm'r vs. Rodgers' adm'r., Wright's Ohio Rep. 428.

GRIMES & BROWNING, for defendant in error, contended that the variance could not be taken advantage of by the plaintiff in error, because it was for his benefit.

BY THE COURT, WILLIAMS, JUSTICE.—This was an action of debt, brought upon a judgment, obtained by the defendant against the plaintiff in error, in the Circuit Court of Adams county, in the State of Illinois. The declaration in the court below sets forth the amount of the said judgment to be $834,41 adjudged to the plaintiff below " for his damages which he had sustained as well by reason of the non performance by the said defendant of certain promises and undertakings entered into by the said defendant, to the said plaintiff, before the setting of said court, as for his costs and charges, by him the said plaintiff, in said suit expended. " The record produced on the trial, showed a judgment for $834,41 damage *besides* his costs. This variance was objected to on the trial, but the judge overruled the objection, and judgment was rendered for the plaintiff below; to reverse which, the cause has been brought into this court, by a writ of error.

On the part of the defendant in error, it is contended that the variance objected to, is not such as to prove fatal on the trial—that the effect of it was merely to diminish the amount of the judgment, which would otherwise have been rendered against the defendant below, and that it was therefore wholly for his advantage. If these positions are all tenable, the judgment below must be affirmed, for this court would never disturb such a judgment on account of an error clearly in favor of the party seeking such reversal.

So far as concerns the present suit merely, there is no doubt but the variance objected to, operated beneficially to the defendant below. The plaintiff claimed $834,41 for his damages and costs recovered in the Adams county court. His recovery in the court below must have been limited to that sum ; whereas if he had stated his claim truly, and produced the requisite evidence, he might in addition thereto, have recovered the costs of the original suit.

But the same argument might have been used, if the declaration had described the original judgment as having been for $500 instead of $834,41. In that case, however, the ready answer would be suggested that such a recovery would not be a sufficient protection against subsequent suits for the same subject matter. Would that same answer be applicable to the present argument?

Had the declaration been silent as to whether the amount set forth were for *damages and costs*, or for *damages only*, it would have been sufficient. The case would then have been brought within the rule laid down in Story's Pleadings, page 336, and followed in the case of Adair's adm'r. vs. Rodgers' adm'r., Wright's Ohio Reports 428. But in the present case, the declaration is not silent as to costs, but it expressly avers that the sum of $834,41 is the amount of *damages as well as costs*, It is true the amount of those costs does not appear, but we are bound to presume they were something, and consequently the amount of the judgment described in the declaration, must have been essentially different from that in the transcript produced on the trial. The reason of the rule in Story's Pleadings appears to be, that costs are an appendage, rather than a material portion of the judgement. Had the declaration been silent as to costs and had the amount of the original judgment as therein stated been found exactly equal to the damages alone as set forth in the transcript, there would have been no essential variance.

The same would probably also have been the case if the amount set forth in the declaration had under the same circumstances, been found exactly equal to the damages and costs, both as stated in the transcript. In either of these cases, the exact correspondence of sums would have furnished so strong a presumption of identity, as sufficiently to protect the defendant from a subsequent suit on the same judgment.

But in the present case, although there is this exact correspondence of sums, the identity is negatived by the express averment, that the one is the amount of *damages and costs*, and by the strongest evidence that the other is the amount of *damages only*. The judgment described, and that produced in evidence, are essentially different, and there is weight in the argument therefore, that if the defendant below were again to be sued on the same judgment, he would find much difficulty in defending himself by producing proof of the recovery had against him here. Although, therefore, wo are resolved to lend no countenance to those unmeaning technicalities, and absurd quibbles, which, much to the discredit of the legal profession, and to the prevention of justice, have in some countries been tolerated and even fostered, we are compelled to respect

a salutary rule, although in some instances it may operate with severity and even with seeming injustice.

In coming to this conclusion, we find ourselves sustained by the highest authorities. The slightest variance in any essential portion of the description of a written instrument, or, of a judgment, has always been held fatal, unless it should conclusively appear, that the mistake could not operate prejudicially to the party wishing to take advantage of it.— Many of the cases cited by the counsel for the plaintiff in error, sustain this position, and none of those produced on the other side, seem to contradict it. The judgment below will therefore be set asid, and a new trial ordered.